IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JUAN RENARDO TILLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 106-153 |
| | ) | |
| JOSHUA MORRIS, Investigator; | ) | |
| BRODERICK SMITH; RICHMOND | ) | |
| COUNTY SHERIFF'S OFFICE; FNU | ) | |
| MCGRAW, Officer; FNU WEATHERS, | ) | |
| Sgt.; and FNU JOHNSON, Capt.,[1] | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the Charles B. Webster Detention Center in Augusta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). As Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e) & 1915A.

---

[1] The Court has attempted to list Defendants as they are variously identified in Plaintiff's complaint. The Clerk is **DIRECTED** to change the docket accordingly.

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names as Defendants Investigator Joshua Morris; Broderick Smith; the Richmond County Sheriff's Office; Officer FNU McGraw; Sgt. FNU Weathers; and Capt. FNU Johnson. (Doc. no. 1, pp. 1, 4). In his complaint, Plaintiff argues that his constitutional right to due process has been violated. (Id. at 5). Specifically, he alleges that the charges of theft by taking and hit-and-run, which presumably led to his current incarceration, were not supported by enough evidence to uphold a conviction and should never have been pursued in the first place. (Id.). Plaintiff also argues that he was prejudiced because the state failed to hold a preliminary hearing and did not provide him with an attorney at his arraignment. (Id.). As relief, Plaintiff 1) seeks a "cease an desiston (sic)" on the grounds of due process and 2) requests that "his application for a *pauperis* affidavits an[d] habeas corpus will" be granted. (Id. at 6). Plaintiff also requests that the Court appoint him counsel. (Id.).

## II. DISCUSSION

A.   **Relief Sought is not Properly Brought in § 1983 Action**

Although Plaintiff's complaint is somewhat difficult to comprehend, because he argues that there was insufficient evidence to support his conviction, and because he is, presumably, seeking release from incarceration, it appears that Plaintiff is attempting to challenge the legality of his criminal conviction. This is improper in an action brought pursuant to § 1983.

Because Plaintiff is challenging the arrest that led to his conviction and sentence, this claim is barred under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck the Supreme Court

2

held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. See 512 U.S. at 486-87. The Court went on to state that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. Id. at 487. In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's conviction is not cognizable under § 1983. See Nelson v. Campbell, 541 U.S. 637, 643 (2004) (noting that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under § 1983); Heck, 512 U.S. at 483; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus.").

Furthermore, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) (explaining that the exhaustion doctrine, first announced in Ex parte Royall, 117 U.S. 241 (1886), is now codified at 28 U.S.C. § 2254(b)(1)). Thus, even if the Court were to construe Plaintiff's complaint as a petition for a writ of habeas corpus, Plaintiff has not alleged exhaustion of state court remedies, and his petition would be subject to dismissal.

**B.     Appointment of Counsel**

Plaintiff also requests that counsel be appointed on his behalf. As a general rule, there is no entitlement to appointed counsel in a civil rights case, such as this one, brought

3

pursuant to 42 U.S.C. § 1983. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Dean, 951 F.2d at 1216. Here, Plaintiff fails to show that exceptional circumstances exist (*e.g.*, that he brings a meritable claim of such complexity that counsel would materially assist in its presentation) to justify the appointment of counsel. See Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996).

This is ostensibly a § 1983 action in which Plaintiff has requested relief that can only be obtained in a habeas corpus proceeding; thus, Plaintiff is not entitled to relief in this case. Further, based on Plaintiff's filings with the Court to date, it is evident that he is able to communicate with the Court. Accordingly, Plaintiff's motion for the appointment of counsel should be denied. Should it become apparent later in the proceedings that counsel should be appointed, after due consideration of the complexity of the issues raised or their novelty, see Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), the Court will entertain this motion again at the appropriate time.[2]

---

[2] Likewise, Plaintiff would also not be entitled to the appointment of counsel in a habeas corpus action. See Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979) (noting that it is well settled that "[i]n a habeas corpus action in federal court[,] there is no requirement that counsel be appointed unless appointment of counsel is necessary to due process." (citations omitted)).

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request for the appointment of counsel be **DENIED** and that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

SO REPORTED and RECOMMENDED this 19th day of January, 2007, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE